**LOCAL 851 OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, by its Court–Appointed Independent Supervisor and Union Trustee, Plaintiff–Petitioner–Appellant,**

v.

**George QUINLIN, Deputy Attorney General, New York State Organized Crime Task Force, Respondent–Appellee,**

**Martin Aronchick, Defendant–Appellee,**

**Thyssen Haniel Logistics, Inc., Formerly Known as Amerford International Corp., Thyssen Haniel Logistics GMBH and Anthony Razza, Defendants.**

No. 04–5976CV.

United States Court of Appeals,
Second Circuit.

Feb. 1, 2006.

Ronald E. DePetris, DePetris & Bachrach, LLP, New York, NY, for Plaintiff–Petitioner–Appellant.

Oren L. Zeve, Assistant Solicitor General (Eliot Spitzer, Attorney General of New York, on the brief; Michael S. Belohlavek, Deputy Solicitor General), New York, NY, for Appellees, of counsel.

Present: Hon. ROGER J. MINER, Hon. ROBERT A. KATZMANN, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **Affirmed.**

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. At issue on appeal is Plaintiff–Appellant Local 851's claim that Defendant–Appellees—officials with the New York State Organized Crime Task Force—violated Appellant's due process rights pursuant to 42 U.S.C. § 1983 by failing to comply with state forfeiture law in disbursing funds forfeited as a result of a criminal investigation involv-

ing a Local 851 official. Appellant also asserts that Appellees' actions amount to a conversion in violation of New York state law. The district court dismissed the claims, holding that Appellees were shielded from liability under the doctrine of qualified immunity. After undertaking *de novo* review of the district court judgment dismissing Appellant's claims, we conclude that Appellees committed no due process violation because Appellant lacked any property interest in the forfeited funds. We therefore dismiss both Appellant's § 1983 and state law conversion claims.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby affirmed.